# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORY JOE PEARSON, | Case No.: 1:18-cv-0372- LJO- JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| BAKERSFIELD POLICE DEPARTMENT, | |
| Defendant. | |

Cory Joe Pearson is proceeding *pro se* and *in forma pauperis* with an action for a violation of his civil rights against the Bakersfield Police Department, asserting its officers used excessive force after he surrendered to an arrest. (Doc. 7) Because Plaintiff fails to identify facts sufficient to support his claims against the defendants identified, the Court will grant him leave to file a second amended complaint.

**I.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint or claim, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

The Court must review Plaintiff's First Amended Complaint because it supersedes the previously filed complaint. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.     Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## III. Factual Allegations

Plaintiff asserts he was arrested by officers with the Bakersfield Police Department's Violent Criminal Apprehension Team ("VCAT") on April 4, 2017. (Doc. 7 at 10) According to Plaintiff, he exited a motel room to smoke a cigarette, when he "noticed a suspicious SUV with blacked out tinted windows slowly approaching in [his] direction." (*Id.*) Plaintiff alleges when the doors of the vehicle opened, he saw guns and heard someone say, "Get the fuck on the ground." (*Id.*) He asserts that he "immediately [got] on the ground in a prone out position and yell[ed] that [he was] unarmed." (*Id.*)

Plaintiff alleges that once the officers reached him, an officer kneed him in the face, while another officer got on Plaintiff's back and handcuffed his hands behind his back. (Doc. 7 at 10) He asserts that once "4 or 5 officers" were around him, an officer said "Welcome to the party" and started hitting Plaintiff "with his retractable police baton repeatedly while [he] was already handcuffed and held down." (*Id.*) Plaintiff asserts the officer did not stop until Plaintiff suffered "multiple compound fractures" in his left leg. (*Id.*)

He reports he "was transported to Kern Medical Center via ambulance and was taken into surgery where [he] had to have a 16 inch rod put in [his] leg bone, along with multiple pins." (Doc. 7 at 10) Plaintiff alleges he "was in the hospital for about 10 days before being taken to county jail, where [he] was put in the infirmary." (*Id.*) He asserts he is "still recovering from this beating," nearly a year later, and "will never be able to walk normally." (*Id.*)

According to Plaintiffs, his right to be free from the use of excessive force was violated by several Bakersfield Police Officers including Brent Thomas, Filipe Juarez, Adair Duenas, Mike Allred, Officer Aruizu (badge #1176), Officer Thomas (badge #1159), Officer Montgomery (badge #1151), Officer Gregory (badge # 1012), and CST Martinez. (Doc. 7 at 2, 8-9)

## IV. Section 1983 Claims

Title 42 of the United States Code, Section 1983 provides "a method for vindicating federal rights elsewhere conferred," such as civil rights arising under the Amendments to the Constitution of the United States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

> laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 28 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury was suffered, and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 U.S. Dist. LEXIS 53946, at *3 (E.D. Cal. Apr. 17, 2012). An entity or individual deprives another of a federal right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Cororan Prison- CDCR*, 2012 U.S. Dist. LEXIS 52572, at *7 (E.D. Cal. Apr. 13, 2012). Here, Plaintiff asserts the individuals identified are liable for a violation of his right to be free from the use of excessive force. (Doc. 7 at 9)

**V.     Discussion and Analysis**

The Supreme Court of the United States determined the Due Process Clause of the Fourteenth Amendment protects individuals who have not yet been convicted of a crime "from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 388 (1989). However, allegations of excessive force during the course of an arrest are analyzed under the Fourth Amendment, which prohibits arrests without probable cause or other justification. *Id.* ("claim[s] that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' … are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard"); *see also Chew v. Gates*, 27 F.3d 1432, 1440 (9th Cir. 1994) ("the use of force to effect an arrest is subject to the Fourth Amendment's prohibition on unreasonable seizures"). The Supreme Court explained:

> As in other Fourth Amendment contexts . . . the "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

*Graham*, 490 U.S. at 396-97 (1989) (internal citations omitted). In applying this standard, the Ninth Circuit instructs courts to consider "the totality of the circumstances and . . . whatever specific factors may be appropriate in a particular case." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010).

In *Graham*, the Supreme Court set forth factors to be considered in evaluating whether the force used was reasonable, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). In addition, Court may consider "whether officers administered a warning, assuming it was practicable." *George v. Morris*, 736 F.3d 829, 837-38 (9th Cir. 2013) (citing *Scott v. Harris*, 550 U.S. 372, 381-82 (2007). Ultimately, the "reasonableness" of the actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

### 1. Liability of individual officers

Previously, Plaintiff did not identify any individual officers in his complaint. (*See generally* Doc. 1) The Court informed Plaintiff that "[t]o the extent [he] seeks to hold individual officers liable, he must name the officers *and* state what each person did to violate his constitutional rights. To state a claim against the individual officers, Plaintiff must facts supporting a conclusion that each defendant personally participated in the deprivation of his rights." (Doc. 3 at 8, emphasis added) (citing *Iqbal*, 556 U.S. at 678; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010))

Plaintiff has now provided a list of the officers he believes were involved in taking him into custody but fails to identify what each person did to violate his rights. Instead, Plaintiff merely re-filed the same narrative of the events previously provided to the Court. (*See* Doc. 1 at 6; Doc. 7 at 10) This is insufficient for the Court to determine which officer took what action(s). While the Court is able to identify that three took certain actions—including an officer who Plaintiff asserts kneed him in the face,

an officer who handcuffed Plaintiff, and one who hit him with a baton—Plaintiff does not clarify who these officers are or what the other officers did that he claims violated his constitutional rights. The Court is unable to speculate as to the actions of each of the individuals identified in his list of defendants. Therefore, if Plaintiff elects to amend his complaint, he must link the actions of **each of the individual officers** to an alleged deprivation of rights. *See Rizzo*, 423 U.S. at 371.

### 2. Liability of the Bakersfield Police Department

Previously, Plaintiff identified the Bakersfield Police Department as a defendant in the action. However, the police department is not a proper defendant to Plaintiff's claim for a violation of Section 1983. Although municipalities, such as cities and counties, are amenable to suit, sub-departments or bureaus of municipalities—like the Bakersfield Police Department—are "not generally considered 'persons' within the meaning of Section 1983." *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005); *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit … sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983"); *see also Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of Section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under Section 1983). Thus, the Court reminds Plaintiff that the Bakersfield Police Department is not a proper defendant in this action.

## VI. Conclusion and Order

For the reasons set forth above, the Court is unable to find Plaintiff states a cognizable claim under Section 1983 against the officers identified in his First Amended Complaint. However, the factual deficiencies may be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987); *Lopez*, 203 F.3d at 1128 (dismissal of a *pro se* complaint without leave to amend for failure to state a claim is proper only where it is obvious that an opportunity to amend would be futile).

Plaintiff is again advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the amended complaint must be "complete in itself without reference to the

prior or superseded pleading." Local Rule 220. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Finally, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (citing *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's First Amended Complaint is **DISMISSED** with leave to amend; and
3. Within thirty days from the date of service of this order, Plaintiff **SHALL** file a Second Amended Complaint.

**If Plaintiff fails to comply with this order to file an amended complaint, the action may be dismissed for failure to prosecute and failure to obey the Court's order**.

IT IS SO ORDERED.

Dated: **May 22, 2018**           **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE