| | |
|---|---|
| **CORY JOE PEARSON,** | 1:18-cv-00372-LJO-JLT |
| **Plaintiffs,** | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS (ECF NO. 29) AND VACATING JUNE 17, 2019 HEARING** |
| v. | |
| **BAKERSFIELD POLICE OFFICER BRENT THOMAS #1159,** *et al*. | |
| **Defendant.** | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Cory Joe Pearson, who proceeds in this action *pro se* and *in forma pauperis*, complains that he was the victim of excessive force at the hands of certain Bakersfield Police Department Officers during the course of his arrest on April 4, 2017. *See generally* ECF No. 1. On April 22, 2019, the assigned magistrate judge granted Defendants' motion to compel and ordered Plaintiff to serve his initial disclosures and respond to Defendants' first set of interrogatories and request for documents by May 13, 2019. ECF No. 28 at 5. Plaintiff was "strongly admonished that his failure to comply with this order or any other order of the Court – including the scheduling order – may result in the Court imposing sanctions on him which could include dismissal of the action as authorized by Local Rule 110." *Id*.

1

According to the Declaration of Heather S. Cohen, to date Defendants have not received any initial disclosures or responses to discovery requests as ordered by the Court. ECF No. 29-2 ¶ 2. On May 14, 2019, Defendants moved to dismiss the Complaint on the grounds of failure to prosecute and failure to comply with a Court order. ECF No. 29. Plaintiff was served at his address of record, *id.* (proof of service), yet filed no opposition to the motion. Because of his non-opposition, Plaintiff is not entitled to be heard at any hearing pertaining to the motion do dismiss. *See* Local Rule 230(c). Having reviewed the motion in light of the entire record, the Court deems the matter suitable for disposition on the papers without oral argument pursuant to Local Rule 230(g) and VACATES the June 17, 2019 hearing date.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal." *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). Because dismissal is a severe remedy, it may be imposed only after the Court weighs certain factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Id*. A court may dismiss an action *with prejudice* pursuant to this analysis. *See id*. at 830.

Applying these factors here, the public's interest in resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal"). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a presumption of prejudice arises from the occurrence of unreasonable delay in prosecution of an action. See *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *In re Eisen*, 31 F.3d 1447, 1452-53

(9th Cir. 1994). The Court's warning to Plaintiff that his failure to comply with the April 22, 2019 Order would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The only factor weighing against dismissal at this time is the public interest in disposition of cases on the merits. *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (explaining that fourth factor usually weighs against dismissal). But, the Ninth Circuit "may affirm a dismissal where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

Given Plaintiff's complete failure to respond to the discovery requests, combined with his failure to oppose the motion to dismiss, the factors supporting dismissal outweigh those counseling against dismissal. Accordingly, Defendants' motion to dismiss is GRANTED and this case is DISMISSED without leave to amend and with prejudice.

IT IS SO ORDERED.

Dated: **June 7, 2019**         **/s/ Lawrence J. O'Neill**
                                UNITED STATES CHIEF DISTRICT JUDGE